[Civ. No. 51899. Second Dist., Div. Two. Dec. 27, 1978.]

WANDA M. JENNINGS, Plaintiff and Appellant, v.
IMPERIAL BANK, Defendant and Respondent.

COUNSEL

Burns & Simmons for Plaintiff and Appellant.

Harris B. Taylor, Ullar Vitsut, Sandra Stillwater, George W. Coombe, Judith Ilene Bloom and Eugene B. Stern for Defendant and Respondent.

OPINION

ROTH, P. J.—On February 28, 1977, appellant filed her complaint in six counts for recovery of a bank deposit, for money had and received, for conversion, for emotional distress, for breach of implied covenant of good

faith and fair dealing and for declaratory judgment. Respondent demurred generally as to each alleged cause of action and the trial court sustained without leave to amend. The appeal is from the order entered April 7, 1977, dismissing the complaint.

Appellant had on October 31, 1973, deposited the sum of $25,000 with respondent for which she received respondent's "Personal Savings Certificate" in the form:

thereafter on three occasions, March 1, November 11 and December 8, 1976, she did present, offer to surrender and endorse the certificate to respondent who on each occasion refused to accept the certificate as presented and did not make payment thereof.

In support of its demurrer, respondent asserted appellant was the holder of a time certificate of deposit (T.C.D.) which could only be redeemed within a 10-day period following its maturity date and that accordingly respondent's refusal to pay was justified. Because each alleged cause of action rested upon the same foundation, it was further argued, all must fail. The trial court's ruling sustained the demurrer "per moving party's points and authorities."

■ We note that: "Our only concern in this case is whether plaintiff has succeeded in stating a cause of action. In assessing the sufficiency of a complaint against a general demurrer, we must treat the demurrer as admitting all material facts properly pleaded. (*Scott* v. *City of Indian Wells* (1972) 6 Cal.3d 541, 549 [99 Cal.Rptr. 745, 492 P.2d 1137]; *Daar* v. *Yellow Cab Co.* (1967) 67 Cal.2d 695, 713 [63 Cal.Rptr. 724, 433 P.2d 732].) Furthermore, we bear in mind our well established policy of liberality in reviewing a demurrer sustained without leave to amend: 'the allegations of the complaint must be liberally construed with a view to

attaining substantial justice among the parties.' (*Youngman* v. *Nevada Irrigation Dist.* (1969) 70 Cal.2d 240, 244-245 [74 Cal.Rptr. 398, 449 P.2d 462]; see also *Scott* v. *City of Indian Wells* (1972) *supra*; *MacLeod* v. *Tribune Publishing Co.* (1959) 52 Cal.2d 536, 542 [343 P.2d 36]; *Lemoge Electric* v. *County of San Mateo* (1956) 46 Cal.2d 659, 664 [297 P.2d 638]; *Matteson* v. *Wagoner* (1905) 147 Cal. 739, 742 [82 P. 436]; Code Civ. Proc., § 452.)" (*Glaire* v. *LaLanne-Paris Health Spa, Inc.* (1974) 12 Cal.3d 915, 918 [117 Cal.Rptr. 541, 528 P.2d 357].)

■ The only basis upon which the trial court's conclusion can be justified is that the savings certificate as a matter of law is, as respondent maintains, a T.C.D. subject to a restricted right of redemption. We do not agree such a conclusion is justified especially when it bears no such message on its face. There is no magic in a self-serving classification of the instrument as a T.C.D. and respondent has shown nothing more than its asserted belief that it is such to support that result. That is not enough. To the contrary it appears to be clear from the terms of the personal savings certificate it was intended to be a demand obligation payable to appellant "upon presentation and surrender" and that the "maturity" of the document relates only to the question of interest. The repeated abrasive refusal of respondent to pay in response to the demands made appear to this court to be patently without merit in fact or in law. Whether that will be shown to be the case will no doubt be resolved at a later time.

The order appealed from is reversed.

Fleming, J., and Beach, J., concurred.