[Civ. No. 53778. Second Dist., Div. Three. Feb. 28, 1979.]

MARIAN MORRIS et al., Plaintiffs and Appellants, v.
THE STATE OF CALIFORNIA, Defendant and Respondent.

**COUNSEL**

Moriarity & Tepper, John L. Moriarity and Gerald H. B. Kane, Jr., for Plaintiffs and Appellants.

Harry S. Fenton, Richard G. Rypinski, Joseph A. Montoya, Robert L. Meyer, Robert W. Vidor and Roland L. Coleman for Defendant and Respondent.

**OPINION**

**COBEY, Acting P. J.**—Plaintiffs, Marian and James Earl Morris, husband and wife, appeal from a judgment of dismissal of their personal

injury action against the State of California made and entered following the sustaining, without leave to amend, of the state's general demurrer to those causes of action in plaintiffs' second amended complaint applicable to the state.[1]

In this pleading plaintiffs alleged, among other things, that on or about September 6, 1975, at approximately 11:30 p.m., on the state's Golden State Freeway between Peoria and Lankershim in the City of Los Angeles,[2] a 1973 Lincoln Continental, owned and operated negligently by defendant, Ruby MacDonald, came through a badly damaged stretch of the freeway's median barrier between the lines of traffic moving in opposite directions and collided with a 1972 Dodge to its damage, owned and operated with due care by plaintiff, James Earl Morris, and also occupied by plaintiff, Marian Morris, who was severely injured in the collision. Plaintiffs further alleged that at the site of the collision the median barrier consisted only of two wire ropes hanging limply on the ground for many yards because of the damage the barrier had sustained in a previous accident which defendant, state Department of Transportation, had failed to repair, notwithstanding presumed notice thereof from the reports of the California Highway Patrol and possibly from its own maintenance crews then working in the area of the collision. Plaintiffs finally alleged that this unrepaired gap in the median barrier constituted a dangerous condition of the freeway which proximately caused (at least in part) the collision and the injuries and damages resulting therefrom to plaintiffs and to their Dodge.

Governmental monetary liability in tort in this state is exclusively statutory in origin. (See Gov. Code, §§ 814, 815, subd. (a)) and the legis. committee com. to § 815, subd. (a), Deerings Ann. Gov. Code (1973 ed.) p. 117; *Susman* v. *City of Los Angeles* (1969) 269 Cal.App.2d 803, 809 [75 Cal.Rptr. 240].)[3] Generally speaking, a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes:

---

[1]Plaintiffs actually have appealed from the trial court's order sustaining the general demurrer of the state. Such an order is nonappealable. (*Youngblood* v. *Board of Supervisors* (1978) 22 Cal.3d 644, 651 [150 Cal.Rptr. 242, 586 P.2d 556].) Pursuant to California Rules of Court, rule 2(c), we treat their appeal as being instead from the judgment of dismissal made pursuant to Code of Civil Procedure section 581, subdivision 3.

[2]Plaintiffs alleged only the state's ownership and control of the hereafter mentioned median barrier of the freeway. But, generally speaking, a freeway belongs to the state and among such freeways is the stretch of the Golden State Freeway involved in this case. (See Sts. & Hy. Code, §§ 233, 253.1.)

[3]All section references hereafter are to the Government Code unless otherwise indicated.

(1) the property was in a dangerous condition at the time of the injury; (2) the injury was proximately caused by the dangerous condition; (3) the dangerous condition created a reasonably foreseeable risk of the kind of injury that occurred; and (4) the public entity had actual or constructive notice of the dangerous condition under section 835.2, a sufficient time prior to the injury, to have taken measures to protect against the dangerous condition. (§ 835.)[4]

A public entity includes the state. (§ 811.2.) "Dangerous condition" means a condition of property that creates a substantial risk of injury when such property is used with due care in a manner in which it is reasonably foreseeable that it will be used. (§ 830, subd. (a).) "Protect against" includes, among other things, repairing, remedying, or correcting a dangerous condition. (§ 830, subd. (b).)

According to section 835.2, a public entity had actual notice of a dangerous condition within the meaning of section 835, subdivision (b), if it had actual knowledge of the existence of the condition and knows, or should have known, of its dangerous character. According to the same source, a public entity had corresponding constructive notice of a dangerous condition if the plaintiff establishes that the condition had existed for such a period of time and was of such an obvious nature that the public entity, in the exercise of due care, should have discovered the condition and its dangerous character.

■ The state's position in this case is that "mere disrepair of a median barrier does not constitute a dangerous condition of public property." We disagree with respect to the median barrier here involved, which was located on a high speed, heavily traveled freeway. Its obvious function was to protect motorists on the freeway from the intrusion into their lanes of vehicles crossing the median out of control whether by reason of mechanical or tire failures or other causes unrelated to negligence or by reason of the negligence of their drivers and owners. It is undoubtedly true that a much greater probability obtains for the latter type of accident than for the former and that if only the latter type of accident could occur, the state's disrepair of the median barrier would not be an actionable dangerous condition because such a condition is defined in the already mentioned section 830, subdivision (a), as that creating a substantial risk of injury when public property (here the freeway) is used

---

[4]We have omitted an alternative fourth element of this statutory liability, which is not claimed to be present in this case—the creation of the dangerous condition by an employee.

with "due care" in a reasonably foreseeable manner. (See Cal. Law Revision Com. com. to this section, Deering's Ann. Gov. Code (1973 ed.) p. 181; *Callahan* v. *City and County of San Francisco* (1967) 249 Cal.App.2d 696, 702-704 [57 Cal.Rptr. 639]; *Murrell* v. *State of California ex rel. Dept. Pub. Wks.* (1975) 47 Cal.App.3d 264, 271-272, fn. 7 [120 Cal.Rptr. 812]; Van Alstyne, Cal. Governmental Tort Liability (Cont.Ed. Bar 1964) § 6.14, pp. 194-195.) This subdivision means that a condition of public property is dangerous if it creates a substantial risk of harm when used with due care by the public generally,[5] as distinguished from the particular person charged as a concurrent tortfeasor (here codefendant Ruby MacDonald). Furthermore, the concurrence of MacDonald's negligence as a proximate cause of Marian Morris' injuries with that of the State of California in allowing the median barrier to remain in a condition of disrepair does not immunize the state from liability. (*Murrell* v. *State of California ex rel. Dept. Pub. Wks., supra,* 47 Cal.App.3d at p. 267; *Harland* v. *State of California* (1977) 75 Cal.App.3d 475, 483-484 [142 Cal.Rptr. 201]; *Mathews* v. *State of California* (1978) 82 Cal.App.3d 116, 121 [145 Cal.Rptr. 443].)

The state contends that plaintiffs did not allege such an actionable cause of action in the pleading before us. Again, we disagree. Plaintiffs allege "that said 'center barrier' was dangerous and defective in that it did not prevent automobiles, vehicles from crossing it into oncoming traffic; . . ." The allegations of a pleading must be liberally construed with a view of substantial justice between the parties. (Code Civ. Proc., § 452.) The quoted language, so liberally construed, includes vehicles and automobiles crossing the portion of the median barrier in disrepair for causes unrelated to negligence on the part of their drivers and owners.

The judgment under appeal is reversed.

Allport, J., and Potter, J., concurred.

A petition for a rehearing was denied March 21, 1979.

---

[5]We note, though, that our Supreme Court has before it currently the issue "whether a public entity may be held liable for maintaining or creating a condition dangerous to persons exercising due care if the danger arises from the foreseeably negligent conduct of third persons." (Supreme Court press release 42/78, 78-156, *Ducey* v. *Argo Sales Co.* (S.F. 23931, hg. granted Oct. 18, 1978).)