[Civ. No. 59846. Second Dist., Div. One. Feb. 18, 1981.]

ANGELUS CHEVROLET, Cross-complainant and Appellant, v.
THE STATE OF CALIFORNIA, Cross-defendant and Respondent.

**COUNSEL**

Cushman & Grover and Melvin B. Grover, for Cross-complainant and Appellant.

Vletas & Greer, Gus Vletas and Barry E. Shanley for Cross-defendant and Respondent.

OPINION

**LILLIE, J.**—Angelus Chevrolet (Angelus) appeals from summary judgment entered in favor of the State of California (State) on its cross-complaint seeking indemnification from the State for any judgment rendered against it in a personal injury action.

The complaint in the personal injury action[1] names as defendants Angelus, General Motors Corporation (GM) and Atlas Body Company (Atlas). It alleged that in 1969 plaintiff Smith's employer, Patton State Hospital, purchased from Angelus a 1970 Chevrolet truck designed, manufactured and assembled by GM and Atlas; defendants negligently designed, manufactured, distributed and sold the truck which, when it was purchased by plaintiff's employer, was defective and unsafe in that its exhaust system continually emitted toxic fumes; on March 24, 1976, while plaintiff was driving the truck, he sustained personal injuries as a proximate result of said defective condition; at that time plaintiff was regularly and gainfully employed; because of his injuries he has been unable to engage in his employment and will be unable to do so for an indefinite period. Plaintiff sought general and special damages from all defendants.

Angelus filed a first amended cross-complaint for indemnity against the State, Patton State Hospital (Hospital), GM and Atlas, alleging that the Hospital is a corporation organized under Welfare and Institutions Code section 4100 and, as such, is a legal entity separate from the State; on March 24, 1976, plaintiff was not an employee of the Hospital or the State, and was not acting in the course of his employment by either of them when he sustained the injuries alleged in the complaint; on and before March 24, 1976, the State was the owner of the truck described in the complaint; cross-defendants were negligent in the manufacture, ownership, maintenance, repair and inspection of that truck, and are liable for plaintiff's injuries in a capacity other than that of his employer; if plaintiff recovers judgment against Angelus it is entitled to be indemnified by cross-defendants in an amount proportionate to their negligence.

---

[1] The plaintiffs in that action are Dean Smith and his wife, Helen Smith. Helen seeks damages for loss of consortium as a result of personal injuries sustained by Dean. Inasmuch as Helen's presence as a plaintiff is immaterial to the issues on this appeal, we treat the personal injury action as if Dean were the sole plaintiff therein.

The state moved for summary judgment in its favor on the cross-complaint on the ground that it was plaintiff's employer when he sustained the injuries alleged in the complaint and therefore, under Labor Code section 3864,[2] Angelus is barred from seeking indemnity from it.[3]

Three declarations were submitted in support of the motion. The two supporting declarations of Paul Westerhold stated: Since 1972 he has been employed by the State as personnel officer for the Hospital, a division of the Department of Developmental Services (formerly Department of Mental Hygiene); effective September 18, 1972, plaintiff was appointed by the State to his employment at the Hospital, with a state civil service classification of automotive equipment operator I; plaintiff remained in the service of the State until his disability retirement from state service on June 5, 1978; during the period of plaintiff's state service his salary was fixed by the State and he was compensated directly by the State for his services at the Hospital. Attached to Westerhold's declarations as exhibits were copies of the report of plaintiff's appointment, his personnel file, a partial summary of his employment history, and a summary of payroll records maintained by the State Controller. The supporting declaration of Marvin Nymeyer stated: Since 1975 he has been employed by the State with a civil service job classification of automotive pool manager I; since 1964 he has been employed in the capacity of transportation supervisor at the Hospital; in that capacity, during January, February and March 1976 he

---

[2]Labor Code section 3864: "If an action as provided in this chapter prosecuted by the employee, the employer, or both jointly against the third person [see Lab. Code, § 3852] results in judgment against such third person, or settlement by such third person, the employer shall have no liability to reimburse or hold such third person harmless on such judgment or settlement in absence of a written agreement so to do executed prior to the injury."

The purpose of this statute, enacted in 1959, was to eliminate what under prior law amounted to a dual insurance burden imposed on employers by the workers' compensation law (Lab. Code, § 3200 et seq.) and the implied indemnity doctrine. Under section 3864 the employer of an employee who is injured as the result of the joint negligence of the employer and a third party is no longer required to indemnify the third party in the absence of an express indemnification agreement. (*Gonzales* v. *R. J. Novick Constr. Co.* (1978) 20 Cal.3d 798, 807-808 [144 Cal.Rptr. 408, 575 P.2d 1190].) Section 3864 also precludes such third party from seeking, under the comparative negligence doctrine, contribution from the injured plaintiff's employer in proportion to the employer's relative amount of negligence. (*E. B. Wills Co.* v. *Superior Court* (1976) 56 Cal.App.3d 650, 654-655 [128 Cal.Rptr. 541].)

[3]The State made two such motions from summary judgment. The first was denied without prejudice on the ground that the moving papers did not contain admissible evidence; the second was granted. It is the second motion which we consider herein.

was the immediate supervisor of plaintiff, who was employed by the State as a driver of food delivery trucks at the Hospital; plaintiff's duties consisted of delivering meals from the Hospital kitchen to various buildings on the Hospital grounds along a three-and-one-half-mile route; in performing such duties, plaintiff often drove the Chevrolet truck described in the complaint; that truck was maintained by the Hospital motor pool for its use, and was owned by and registered to "Department of Mental Hygiene, Patton State Hospital"; the truck so maintained, owned and registered was at all relevant times used on the grounds of the Hospital, with the exception of periodic trips made by employees of the Hospital motor pool to other state facilities in the course of their employment.

In opposition to the State's motion for summary judgment, Angelus submitted the declaration of its attorney setting forth plaintiff's answer to an interrogatory propounded by Angelus in which answer plaintiff indicated that he was employed by the Hospital at the time he sustained the injuries alleged in the complaint.

The motion was granted, the court determining that no triable issue of material fact exists and that the State is entitled as a matter of law to judgment on the cross-complaint. Summary judgment was entered accordingly.

 Summary judgment is proper only if the declarations in support of the moving party would be sufficient to sustain a judgment in his favor and his opponent does not by declaration show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue. (*Empire West* v. *Southern California Gas Co.* (1974) 12 Cal.3d 805, 808 [117 Cal.Rptr. 423, 528 P.2d 31].) In passing on a motion for summary judgment, the trial court's function is to determine whether a triable issue of fact exists; issue finding, not issue determination, is the court's function at this stage in the proceedings. (*Parker* v. *Twentieth Century-Fox Film Corp.* (1970) 3 Cal.3d 176, 181 [89 Cal.Rptr. 737, 474 P.2d 689, 44 A.L.R.3d 615]; *Axley* v. *Transamerica Title Ins. Co.* (1978) 88 Cal.App.3d 1, 8 [151 Cal.Rptr. 570].) Where there is no material issue of fact to be tried and the sole question remaining is one of law, it is the duty of the court to determine the issue of law. (*Coast-United Advertising, Inc.* v. *City of Long Beach* (1975) 51 Cal.App.3d 766, 769 [124 Cal.Rptr. 487] *Dow* v. *Britt* (1974) 37 Cal.App.3d 868, 871 [112 Cal.Rptr. 710].)

Angelus contends that Westerhold's declarations do not contain admissible evidence that plaintiff was an employee of the State because the copies of documents attached to those declarations are not authenticated (Evid. Code, § 1400 et seq.) and do not comply with the best evidence rule (Evid. Code, § 1500 et seq.). ■ Where materials are properly incorporated by reference into an affidavit submitted in support of a motion for summary judgment, such materials must conform to the rule of evidence. (*Dugar* v. *Happy Tiger Records, Inc.* (1974) 41 Cal.App.3d 811, 815 [116 Cal.Rptr. 412].) "[A]verments in the movant's affidavits *which depend upon written documents* are incompetent and cannot be considered unless there are annexed thereto the original documents or certified or authenticated copies of such instruments, or excuse for nonproduction thereof is shown." (*Miller & Lux, Inc.* v. *Bank of America* (1963) 212 Cal.App.2d 719, 725 [28 Cal.Rptr. 401]. Italics added.) The copies of documents attached to Westerhold's declarations are not incorporated therein by reference. Furthermore, the declarations show that Westerhold's statements therein regarding plaintiff's employment are not dependent upon the attached documents, but are based upon his personal knowledge of facts gleaned in his capacity as personnel officer at the Hospital.

Angelus further argues that none of the declarations submitted by the State is sufficient to support the granting of its motion for summary judgment because each states conclusions of the declarant rather than facts. ■ This argument is based on a misconception regarding the proper function of the so-called opinion rule as it affects testimony of nonexperts (Evid. Code, § 800).[4] "That rule merely requires that witnesses express themselves at the lowest possible level of abstraction. [Citation.] Whenever feasible 'concluding' should be left to the jury; however, when the details observed, even though recalled, are 'too complex or too subtle' for concrete description by the witness, he may state his general impression." (*People* v. *Hurlic* (1971) 14 Cal.App.3d 122, 127 [92 Cal.Rptr. 55].) Tested by this standard, the statements of Westerhold and Nymeyer regarding plaintiff's employment are not inadmissible conclusions or opinions.

---

[4]Evidence Code section 800: "If a witness is not testifying as an expert, his testimony in the form of an opinion is limited to such an opinion as is permitted by law, including but not limited to an opinion that is:

"(a) Rationally based on the perception of the witness; and

"(b) Helpful to a clear understanding of his testimony."

Angelus next contends that summary judgment is precluded because its opposing declaration raises a triable issue of fact as to whether plaintiff, at the time he allegedly sustained personal injuries, was employed by the State or by the Hospital. It may be conceded that such declaration tends to show that plaintiff was employed by the Hospital. ■ However, the presence of factual conflict will not defeat a motion for summary judgment unless the fact in dispute is a material one. (*Hidalgo* v. *Anderson* (1978) 84 Cal.App.3d 378, 381 [148 Cal.Rptr. 557].) ■ The factual conflict raised by Angelus' opposing declaration regarding the identity of plaintiff's employer is not material because, as will appear subsequently herein, even if plaintiff was an employee of the Hospital, his actual employer was the State. Expressed in different terms, plaintiff's employment by the Hospital would be tantamount to his being an employee of the State.

There is in state government the Health and Welfare Agency (Gov. Code, § 12800), which includes the State Department of Mental Health (formerly the Department of Mental Hygiene). (Gov. Code, § 12803; Welf. & Inst. Code, § 4000.) The department is under the control of the Director of Mental Health. (Welf. & Inst. Code, § 4004.) The director is appointed by the Governor and has the powers of a head of a department pursuant to Government Code section 11150 et seq. (Welf. & Inst. Code, § 4005.) Included in those powers are the powers to appoint such employees as may be necessary, prescribe their duties, and fix their salary in accordance with classifications made by the State Personnel Board. (Gov. Code, §§ 11152, 11154.) Until July 1, 1978, the department had jurisdiction over the Hospital.[5] (Welf. & Inst. Code, § 4100 prior to its amendment by Stats. 1977, ch. 1252, § 512, operative July 1, 1978.) Under these statutory provisions, it is clear that the department is an arm of state government; that throughout the period of plaintiff's employment the department (and thus the State) had jurisdiction over the Hospital; and that the authority to appoint employees serving at the Hospital, and to prescribe the duties of such employees, is vested in the department, not the Hospital. The right to control and direct the activities of the alleged employee, whether exercised or not, gives rise to the employment relationship. (*Industrial Ind. Exch.* v. *Ind. Acc. Com.* (1945) 26 Cal.2d 130, 135 [156 P.2d 926].) Accordingly, when plaintiff sustained the injuries of which he com-

---

[5]The Hospital, a state hospital for the care and treatment of the developmentally disabled (Welf. & Inst. Code, § 7500), was placed under the jurisdiction of the State Department of Developmental Services effective July 1, 1978 (*id.*, § 4440).

plains, the State (acting through the department) was plaintiff's employer regardless of the fact that plaintiff performed his duties at the Hospital and may have considered the Hospital to be his employer.

Angelus calls attention to Welfare and Institutions Code section 4102, which provides: "Each state hospital is corporation." Based on this statute, Angelus contends that the Hospital, operating as a public corporation, is a legal entity separate from the State and therefore was the "direct employer of plaintiff." The contention is without merit. Each state hospital under the jurisdiction of the State Department of Mental Health has a hospital advisory board of seven members appointed by the Governor. (Welf. & Inst. Code, § 4200.) Such board is advisory to the department and the Legislature and has "power of visitation and advice with respect to the conduct of the hospitals"; it is required to make a written report on its activities, findings and recommendations for transmission through the department to each regular session of the Legislature. (*Id.*, § 4202.) The officers of a state hospital are the clinical director, the hospital administrator and the hospital director. (*Id.*, § 4300.) The Director of Mental Health appoints and defines the duties, subject to the laws governing civil service, of the clinical director and the hospital administrator for each state hospital and appoints one of them to be the hospital director. (*Id.*, § 4301.) The hospital director appoints a program director for each program at a state hospital (§ 4301), but the Director of Mental Health has "the final authority for determining all other employee needs after consideration of program requests from the various hospitals" (§ 4302). As explained in *Napa State Hospital* v. *Dasso* (1908) 153 Cal. 698, 703 [96 P. 355]: "[C]orporations such as state hospitals for the insane . . . are public corporations under the control and government of the state, and created and acting merely as state agencies for the protection of society and the betterment and amelioration of the condition of those citizens of the state who have the misfortune to be insane. These are created to discharge a purely beneficent and governmental function pertaining to the care and treatment of unfortunate members of the community, and exist for governmental purposes solely. They are strictly public institutions, whose maintenance is provided for by legislative appropriations on the part of the state, whose trustees or managers are appointed by the governor, and are in fact public officials whose duties are fixed by express provisions of law, and whose conduct and management is under the exclusive control of the state. They are entirely distinct from either private or municipal corporations; constitute purely public corporations acting as agencies of the state for governmental purposes exclusively.

They need not have been created as corporations at all, and their creation as such and endowment with corporate powers was in order that the duties imposed upon the officials thereof and the administration of such institutions might be discharged more conveniently and effectually."

To summarize: The declarations show that plaintiff's employer was either the Hospital or the State. This is a difference without a distinction (and thus no material factual conflict is present) because even though plaintiff worked for the Hospital in the sense that his duties were performed on the Hospital grounds, the State was his employer as a matter of law. "[A]n issue which is abstractly one of fact may be resolved by summary judgment if the moving party's declarations fully establish the claim or defense and his opponent's declarations fail to rebut it. [Citation.] To put the matter otherwise, the issue of fact becomes one 'of law' and loses its 'triable' character if the undisputed facts leave no room for a reasonable difference of opinion." (*Terry* v. *Atlantic Richfield Co.* (1977) 72 Cal.App.3d 962, 967 [140 Cal.Rptr. 510].) Inasmuch as the State was plaintiff's employer when he sustained the injuries alleged in the complaint, the State is not liable to indemnify Angelus for any judgment rendered against it on account of such injuries. (Lab. Code, § 3864.) It follows that summary judgment was properly entered in favor of the State on Angelus' cross-complaint for indemnity.

The judgment is affirmed.

Spencer, P. J., and Hogan, J.,* concurred.

A petition for a rehearing was denied March 18, 1981.

---

*Assigned by the Chairperson of the Judicial Council.