[Civ. No. 22859. Fourth Dist., Div. One. Apr. 20, 1982.]

STEVE ANTHONY GONZALES et al., Plaintiffs and Appellants, v. CITY OF SAN DIEGO, Defendant and Respondent.

COUNSEL

Victor Jacobovitz and Irwin Gostin for Plaintiffs and Appellants.

John W. Witt, City Attorney, Ronald L. Johnson, Chief Deputy City Attorney, and John W. Wood, Deputy City Attorney, for Defendant and Respondent.

OPINION

**WORK, J.**—Steven and April Gonzales appeal a judgment of dismissal following the sustaining of City of San Diego's (City) demurrer without

leave to amend to their second amended complaint for the wrongful drowning death of their mother. We hold the facts alleged state a cause of action under Government Code section 835[1] for public entity liability arising from injury caused by a dangerous condition of its property, and outside the governmental immunity extended to injuries arising from a natural condition on unimproved public property conferred by section 831.2.

### Standards Governing Our Appellate Review

"[A] general demurrer admits the truth of all material factual allegations in the complaint . . . ." (*Alcorn* v. *Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 496 [86 Cal.Rptr. 88, 468 P.2d 216].) That plaintiff may not prove these allegations are not our concern; for, "plaintiff need only plead facts showing that he may be entitled to some relief . . . ." (*Ibid.*) "'[T]he allegations . . . [are to] be liberally construed with a view to attaining substantial justice among the parties.'" (*King* v. *Central Bank* (1977) 18 Cal.3d 840, 843 [135 Cal.Rptr. 771, 558 P.2d 857].) "Although facts should be averred in 'ordinary and concise language' (Code Civ. Proc., § 426), precise form and language are not essential. '[T]he rule is, that if upon a consideration of all the facts stated it appears that the plaintiff is entitled to any relief at the hands of the court against the defendants, the complaint will be held good, although the facts may not be clearly stated, or may be intermingled with a statement of other facts irrelevant to the cause of action shown, or although the plaintiff may demand relief to which he is not entitled under the facts alleged.' [Citation.]" (*Scott* v. *City of Indian Wells* (1972) 6 Cal.3d 541, 549 [99 Cal.Rptr. 745, 492 P.2d 1137].)

### Factual and Procedural Background

On June 18, 1978, Theresa Gonzales drowned while swimming in the ocean surf at Black's Beach.

The second amended complaint alleges: City owned or controlled the beach and surf area known as "Black's Beach" to which it voluntarily provided lifeguard and police protection. By providing these services, City assumed the obligation to warn the general public of unsafe conditions in the surf next to the beach, posting areas unsafe for swimming when unsafe conditions exist, patrolling and providing lifeguard services

---

[1]All statutory references are to the Government Code.

to protect beach users and to assist those in need of rescue. On June 18, 1978, before 2 p.m. a riptide condition existed in the surf at Black's Beach, a danger existing for a period of time sufficient for City to have taken protective measures to warn members of the public from entering the surf. Although City knew or in the exercise of due care, should have known of the dangerous riptide, it created a dangerous condition by negligently failing to post any warning, by not marking the beach and surf areas as unsafe for public swimming, and by not adequately patrolling the area or having sufficient lifeguard or police service present at the time of the incident. These omissions created a reasonable expectation of safety for potential swimmers. At approximately 2 p.m. on June 18, 1978, the decedent arrived at Black's Beach and, in the absence of posted warnings of the dangerous riptide and any police or lifeguard patrols, assumed the area was safe for public swimming, entered the surf, and drowned, her death being proximately caused by City's negligence in creating a dangerous and defective condition by failing to warn of the riptide within the surf.

City's demurrer asserting an absolute immunity under section 831.2, providing immunity for injuries "resulting from a natural condition at any unimproved public property," was granted without leave to amend.

### *The Absolute Immunity of Section 831.2 Does Not Apply to a Hybrid Natural and Artificial Condition*

■ City's reliance upon section 831.2,[2] which codifies an absolute immunity for public entities and their employees regarding injuries caused by natural conditions associated with unimproved publicly held real property, is misplaced. The section only applies to *natural* conditions on *unimproved* realty. Assuming Black's Beach is unimproved property (see *Fuller* v. *State of California* (1975) 51 Cal.App.3d 926, 937 [125 Cal.Rptr. 586]; *Rendak* v. *State of California* (1971) 18 Cal.App.3d 286, 288 [95 Cal.Rptr. 665]), the remaining requirement, a natural condition, is not present. For, the complaint describes a hybrid dangerous condition, partially natural and partially artificial in character, the result of a combination of a natural defect within the property and the third party conduct of City. Thus, the dangerous condition here arose from the existence of a natural dangerous riptide con-

---

[2]Section 831.2 provides: "Neither a public entity nor a public employee is liable for an injury caused by a natural condition of any unimproved public property, including but not limited to any natural condition of any lake, stream, bay, river or beach."

dition, plus City's voluntarily providing lifeguard service at Black's Beach (a duty with which it impliedly was not burdened under § 831.2), and its performing that voluntarily assumed service negligently by failing to warn of the known, hazardous, natural condition.

City points to *County of Sacramento v. Superior Court* (1979) 89 Cal.App.3d 215 [152 Cal.Rptr. 391], for impliedly recognizing section 831.2 applies in those instances where a public entity provides protective services. The dissimilar facts there involved a county ranger who, while patrolling a beach area, observed debris trapped in the American River and reported this to his supervisors. Two days later, the plaintiff's decedent's raft was caught in the "snag," and its occupant drowned. There section 831.2 conferred immunity upon the county as a matter of law; however, the facts are distinguishable. The ranger's primary duties solely consisted of litter control and control of the conduct and activities of persons on county property. However, here, the alleged lifeguard services directly relate to safeguarding public swimmers' lives from known, hazardous, natural conditions of the surf.

City urges immunity is required to prevent defeating the legislative purpose and intent in enacting section 831.2. The section was designed to promote public use of public unimproved property in its natural condition without shackling the governmental entity with "the burden and expense of putting such property in a safe condition and the expense of defending claims for injuries [which] would probably cause many public entities to close such areas to public use." (Sen. Com. com. to § 831.2.) If it can be held liable under the instant circumstances, City claims the immunity of section 831.2 becomes meaningless since it will be obligated to make the Pacific Ocean safe for public use, an impossible task, or compel it to close such beaches entirely or to withdraw all lifeguard services voluntarily provided to unimproved public beaches. Not so.

City misconstrues not only the character of the dangerous condition involved, but also the pertinent legislative intent underlying the adoption of section 831.2. True, the statutory provision was enacted to relieve public entities of the duty, burden, and expense of putting natural areas in a safe condition and defending claims for injuries flowing from their use. In essence, it provides primary insulation from liability, freeing the public entity of the duty of providing any protective service. However, once the public entity provides the protective service so as to create a dangerous condition, by combining a known natural defect

within the property and the negligent performance of its directly related, voluntarily assumed protective service, the underlying intent, of the provision of freeing the public entity from the duty of performing protective services, becomes moot.

Granted, where "a duty of ordinary care *may* arise from such a voluntary relationship, such duty is not absolute and will exist only where required by public policy." (*Fuller* v. *State of California, supra,* 51 Cal.App.3d 926, 946.) Under the circumstances at bench, where a public entity voluntarily assumes a protective duty toward certain members of the public, even though there is no liability for its acts or omissions, upon undertaking the action on behalf of the public and inducing public reliance, the entity will be held to the same standard of care as a private individual or entity. (*Hartzler* v. *City of San Jose* (1976) 46 Cal. App.3d 6, 10 [120 Cal.Rptr. 5]; *Mann* v. *State of California* (1977) 70 Cal.App.3d 773, 780, fn. 6 [139 Cal.Rptr. 82].)

City's apprehension it would in the future be responsible for making the Pacific Ocean safe for public use is unfounded. The law only requires City to perform its voluntary duties with ordinary care. Nor will this holding compel public entities to close such beaches, because of the scarcity of such natural, recreational real property and the inevitable public outcry in response to any such attempt. Potential liability is mandated under these circumstances due to public policy reflected legislatively by the enactment of section 835. Moreover, "[u]nless the Legislature has clearly provided for immunity, the important societal goal of compensating injured parties for damages caused by wilful or negligent acts must prevail." (*Ramos* v. *County of Madera* (1971) 4 Cal.3d 685, 692 [94 Cal.Rptr. 421, 484 P.2d 93].)

*City's Potential Liability Can Be Predicated Upon Section 835*

Section 815[3] establishes sovereign immunity in this state except as provided in the Tort Claims Act or other statute. (*Williams* v. *Horvath* (1976) 16 Cal.3d 834, 838 [129 Cal.Rptr. 453, 548 P.2d 1125]; *Tolan*

---

[3]Section 815 provides: "Except as otherwise provided by statute: [¶] (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person. [¶] (b) The liability of a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity provided by statute, including this part, and is subject to any defenses that would be available to the public entity if it were a private person."

v. *State of California* ex rel. *Dept. of Transportation* (1979) 100 Cal. App.3d 980, 986 [161 Cal.Rptr. 307]; *Haskins* v. *San Diego County Dept. of Public Welfare* (1980) 100 Cal.App.3d 961, 965 [161 Cal. Rptr. 385].) In other words, "[g]overnmental monetary liability in tort in this state is exclusively statutory in origin." (*Morris* v. *State of California* (1979) 89 Cal.App.3d 962, 964 [153 Cal.Rptr. 117].) However, section 835 provides: "Except as provided by statute, a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:

"(a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or

"(b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2[4] a sufficient time prior to the injury to have taken measures to protect against the dangerous condition." (See *Vedder* v. *County of Imperial* (1974) 36 Cal.App.3d 654, 658-659 [111 Cal.Rptr. 728].) "Dangerous condition" is statutorily defined as "a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property or adjacent property is used with due care in a manner in which it is reasonably foreseeable that it will be used." (§ 830, subd. (a).) "Liability for injury caused by a dangerous condition of property has been imposed when an unreasonable risk of harm is created by a *combination* of defect in the property and acts of third parties." (*Hayes* v. *State of California* (1974) 11 Cal.3d 469, 472 [113 Cal.Rptr. 599, 521 P.2d 855]; cf. *Seybert* v. *County of Imperial* (1958) 162 Cal.App. 2d 209, 212-214 [327 P.2d 560].)

---

[4]Section 835.2 provides in pertinent part: "(a) A public entity had actual notice of a dangerous condition within the meaning of subdivision (b) of Section 835 if it had actual knowledge of the existence of the condition and knew or should have known of its dangerous character. [¶] (b) A public entity had constructive notice of a dangerous condition within the meaning of subdivision (b) of Section 835 only if the plaintiff establishes that the condition had existed for such a period of time and was of such an obvious nature that the public entity, in the exercise of due care, should have discovered the condition and its dangerous character...."

■ Consequently, the complaint states a cause of action against City under section 835. The dangerous condition allegedly arose by combining the hazardous, natural riptide condition, City's voluntarily assuming the duty of providing lifeguard service, public reliance upon the nonnegligent performance of that duty, and negligently failing to post any warning of the known unsafe riptide condition, to adequately patrol, and to provide adequate lifeguard service.[5]

Although we agree with the legal theory set forth in the concurring opinion, here the complaint presently lacks the necessary factual allegations explaining what employee's negligence and the nature thereof which give rise to City's vicarious liability. Moreover, the complaint does not specifically allege facts giving rise to any special relationship between City and decedent. (See *Mann v. State of California, supra,* 70 Cal.App.3d 773, 779-780.)

However, facts established later in the proceedings may enable plaintiffs to amend so as to state a cause of action for public entity liability under the theories of either vicarious liability (§ 815.2;[6] *Clemente* v.

---

[5]We note: "Liability does not necessarily exist if the evidentiary requirements of this section are met. Even if the elements stated in the statute are established, a public entity may avoid liability if it shows that it acted reasonably in the light of the practicability and cost of pursuing alternative courses of action available to it. In addition to the defenses available to public entities under Section 835.4, a public entity also may use any other defense—such as contributory negligence or assumption of the risk—that is available under subdivision (b) of Section 815 to avoid liability under this section." (Sen. Com. com. to § 835.)

Further, section 835.4 provides: "(a) A public entity is not liable under subdivision (a) of Section 835 for injury caused by a condition of its property if the public entity establishes that the act or omission that created the condition was reasonable. The reasonableness of the act or omission that created the condition shall be determined by weighing the probability and gravity of potential injury to persons and property foreseeably exposed to the risk of injury against the practicability and cost of taking alternative action that would not create the risk of injury or of protecting against the risk of injury. [¶] (b) A public entity is not liable under subdivision (b) of Section 835 for injury caused by a dangerous condition of its property if the public entity establishes that the action it took to protect against the risk of injury created by the condition or its failure to take such action was reasonable. The reasonableness of the action or inaction of the public entity shall be determined by taking into consideration the time and opportunity it had to take action and by weighing the probability and gravity of potential injury to persons and property foreseeably exposed to the risk of injury against the practicability and cost of protecting against the risk of such injury."

[6]Section 815.2 provides in pertinent part: "(a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."

*State of California* (1980) 101 Cal.App.3d 374, 379 [161 Cal.Rptr. 799]), or the development of a special relationship between City and the ocean-swimming public. (See *Connelly* v. *State of California* (1970) 3 Cal.App.3d 744 [84 Cal.Rptr. 257]; see generally *Mann* v. *State of California, supra*, 70 Cal.App.3d 773, 779-780; *Hartzler* v. *City of San Jose, supra*, 46 Cal.App.3d 6, 9-10; *Antique Arts Corp.* v. *City of Torrance* (1974) 39 Cal.App.3d 588, 593 [114 Cal.Rptr. 332]; but see *Whitcombe* v. *County of Yolo* (1977) 73 Cal.App.3d 698, 704-706 [141 Cal.Rptr. 189].) For, "to state a cause of action against a public entity, every fact material to the existence of its statutory liability must be pleaded with particularity." (*Peter W.* v. *San Francisco Unified Sch. Dist.* (1976) 60 Cal.App.3d 814, 819 [131 Cal.Rptr. 854]; see *Nestle* v. *City of Santa Monica* (1972) 6 Cal.3d 920, 939 [101 Cal. Rptr. 568, 496 P.2d 480].)

### Disposition

Judgment reversed.

Brown (Gerald), P. J., concurred.

**STANIFORTH, J.**—I concur in the result but would reason differently. I conclude, as the opinion does, once the City has entered into maintenance and lifeguard services, it has a duty to perform those services with reasonable care. (*Hartzler* v. *City of San Jose* (1975) 46 Cal. App.3d 6 [120 Cal.Rptr. 5]; *Mann* v. *State of California* (1977) 70 Cal.App.3d 773 [139 Cal.Rptr. 82]; *Fuller* v. *State of California* (1975) 51 Cal.App.3d 926 [125 Cal.Rptr. 586].) Whether the City was negligent in the performance of its voluntarily accepted responsibility, and whether this negligent performance was the proximate cause of the plaintiff's death are issues for trial. (*Buchanan* v. *City of Newport Beach* (1975) 50 Cal.App.3d 221 [123 Cal.Rptr. 338]; *Norton* v. *City of Pomona* (1935) 5 Cal.2d 54 [53 P.2d 952].)

Plaintiffs here allege an ordinary negligence action: The City provided lifeguard and maintenance services to the beach area owned and controlled by the city. The service included a duty to warn of unsafe conditions. The city failed to perform lifeguard and maintenance services in a reasonable manner in that it failed to warn of a known dangerous condition at the beach. Finally, plaintiff's death was proximately caused by this failure to warn. Plaintiffs argue they "do not seek

damages for death because a riptide condition existed in the ocean but rather, seek damages because defendant negligently failed to take reasonable steps to warn of the existence of a dangerous condition on property over which it exercised control." Stated another way, "[p]laintiffs here do not seek to hold defendant liable because of a riptide condition which existed in the ocean but rather, because knowing of such a condition and its dangers to swimmers, it took no reasonable steps to warn of such dangers."

The error in sustaining the general demurrer is two-fold in this case. First, the cause of action for negligence is sufficiently pleaded. In order to assess the sufficiency of the complaint, the facts must be accepted as pleaded and the allegations construed liberally with a view towards attaining substantial justice between the parties. (*Jennings* v. *Imperial Bank* (1978) 87 Cal.App.3d 896, 898-899 [152 Cal.Rptr. 15].) Second, it was error to sustain the demurrer based on Government Code section 831.2. Section 831.2 does not apply to a cause of action in negligence based on the City's failure to warn. The statute provides immunity "for an injury caused by a natural condition of any unimproved public property . . . ." The section is not called into play simply because the injury occurred at a beach. The plaintiff should be able to pose the question of causation to the jury; if the injury was proximately caused by the city's failure to act then the death was not caused by the natural riptide condition within the meaning of section 831.2. (*Flournoy* v. *State of California* (1969) 275 Cal.App.2d 806 [80 Cal.Rptr. 485].) Unlike a defense which operates to cut off a cause of action, such as the statute of limitations, the defense raised in this case, governmental immunity under section 831.2, is subject to factual issues requiring trial. (*Fuller* v. *State of California, supra*, 51 Cal.App.3d 926, at p. 937.) Even if section 831.2 could be raised as a defense, its applicability depends upon factual, *triable* issues. The demurrer was therefore improperly sustained.

Respondent's petition for a hearing by the Supreme Court was denied June 29, 1982. Mosk, J., Richardson, J., and Kaus, J., were of the opinion that the petition should be granted.