[No. B026132. Second Dist., Div. Six. Feb. 18, 1988.]

LINDA BARTLETT et al., Plaintiffs and Appellants, v.
THE STATE OF CALIFORNIA, Defendant and Respondent.

COUNSEL

Horace A. Ruderman for Plaintiffs and Appellants.

John K. Van de Kamp, Attorney General, Marvin Goldsmith, Assistant Attorney General, Robert H. Francis and Joel A. Davis, Deputy Attorneys General, for Defendant and Respondent.·

OPINION

GILBERT, J.—Here we affirm a summary judgment in favor of the State of California (State), found by the trial court to be immune from liability because of the "natural conditions" immunity. Plaintiff, who was injured while riding a recreational vehicle on the sand dunes at Pismo Beach, did not present evidence sufficient to create a triable issue of fact as to whether the public property was improved or whether the injury was caused by an unnatural or "hybrid" condition.

FACTS

Appellant Linda Bartlett was injured while riding an all terrain vehicle (ATV) on the sand dunes at the Pismo Dunes State Vehicular Recreation Area. She climbed to the top of a dune in her rented ATV, went over a sharp drop on the other side, lost control of the ATV, and fell 30 feet. Bartlett and her family filed suit against the State of California alleging negligence, the existence of a dangerous condition of public property, willful failure to warn of the dangerous condition, negligent infliction of emotional distress, and loss of consortium. The Bartletts also filed suit against U.S. Suzuki, manufacturer of the ATV, and against B. J. ATC Rentals, from whom the vehicle was rented, alleging products liability and other causes of action.

The trial court granted the State's motion for summary judgment against the Bartletts. The court found that the hazardous recreational activities immunity (Gov. Code, § 831.7) was not applicable, but that the State is immune from liability because the accident was caused by a "natural condition of public property . . . ." Public entities are not liable for injuries "caused by a natural condition of any unimproved public property, including but not limited to any natural condition of any lake, stream, bay, river or beach." (Gov. Code, § 831.2.)

On appeal, the Bartletts contend that the trial court erred in granting summary judgment because there is a triable issue of fact as to whether the Pismo Dunes State Vehicular Recreation Area (PDSVRA) is a "natural area' within the meaning" of the immunity statute. They also argue that the lower court should not have admitted the portion of a declaration by the chief ranger of the PDSVRA which states that the PDSVRA is a "natural area."

DISCUSSION

In support of its motion for summary judgment, the State offered the declaration of Donald G. Patton, who was Chief Ranger at PDSVRA at the time of Bartlett's accident. Among the relevant facts presented by Patton are that the PDSVRA is "a natural area made up of active sand dunes"; that the closest improvement to the dune where the accident occurred was a fence located 100 to 150 feet away and a sign located 500 feet away on the beach; and that there were no other improvements or development activity within one-quarter mile of the accident site. The only maintenance performed by the State, according to Patton's declaration, is litter collection.

In a supplemental declaration, Patton stated that rangers at the PDSVRA perform "police functions such as control of conduct and activities" of visitors, but that prior to the accident the rangers did not post warnings or close portions of the dunes in response to particular dune conditions. The chief ranger also declared that the dunes are "constantly shifting and moving and their sizes and shapes are changing in result [sic] of the impact of the wind and other environmental factors on the sand. The location, shape and height of individual dunes can changes [sic] daily or even hourly."

In opposition to the motion, Bartlett produced evidence, by way of declaration, that the State charges admission to the PDSVRA; that more than 250,000 vehicles use the dunes each year and that more than 300 personal injury accidents occur there each year; that the "traversing of the subject area by each vehicle causes changes in the condition and contour of the dune area"; that the State provides toilets for users of the area; that the approaches to the dune area are marked with signs restricting the type of use and establishing speed limits; and that there were no signs posted at the time of the accident which warned of sudden drop-offs in the dunes, but that such warnings have since been posted.

On appeal of the summary judgment, the Bartletts argue that the State's failure to refute these facts creates a triable issue as to whether the

PDSVRA is a "natural area" for purpose of State immunity under Government Code section 831.2.

Although the term "natural area" as used by the ranger apparently means the conditions are natural, the words "natural area" do not appear in the immunity statute. Government Code section 831.2 grants immunity to the State from liability where the injury was *"caused* by a *natural condition* of any *unimproved public property* . . . ."* (Italics added.) The issue on appeal, therefore, is more properly phrased by asking whether there is a triable question of fact that the PDSVRA is an "unimproved public property" or that the steep slope which caused Bartlett to lose control of the ATV is a "natural condition" of the sand dunes. (See *County of Sacramento* v. *Superior Court* (1979) 89 Cal.App.3d 215, 218 [152 Cal.Rptr. 391].)

■ Summary judgment is appropriate where the declarations in support of the moving party are sufficient to sustain a favorable judgment and the opposing party does not by declarations show such facts sufficient to present a triable issue. (*Empire West* v. *Southern California Gas Co.* (1974) 12 Cal.3d 805, 808 [117 Cal.Rptr. 423, 528 P.2d 31].) ■ The trial court's function upon a motion for summary judgment is to determine whether a triable issue of fact exists; not to determine issues but to find them. (*Parker* v. *Twentieth Century-Fox Film Corp.* (1970) 3 Cal.3d 176, 181 [89 Cal.Rptr. 737, 474 P.2d 689, 44 A.L.R.3d 615]; *Axley* v. *Transamerica Title Ins. Co.* (1978) 88 Cal.App.3d 1, 8 [151 Cal.Rptr. 570].) "Where there is no material issue of fact to be tried and the sole question remaining is one of law, it is the duty of the court to determine the issue of law. [Citations.]" (*Angelus Chevrolet* v. *State of California* (1981) 115 Cal.App.3d 995, 1000 [171 Cal.Rptr. 801].)

The trial court here found that the State established by declaration that the accident was caused by a natural condition of unimproved public land, and that the Bartletts did not produce evidence to the contrary. ■ The presence of a factual conflict will not defeat a motion for summary judgment unless the facts in dispute are material to the issue of law. (*Angelus Chevrolet* v. *State of California, supra,* 115 Cal.App.3d at p. 1002.) ■ Here the facts offered by the Bartletts are immaterial. Even if true, these facts would not destroy the State's immunity under Government Code section 831.2. This case is factually similar to *Mercer* v. *State of California* (1987) 197 Cal.App.3d 158 [242 Cal.Rpt. 701], where we held that Government Code section 831.2 rendered the State immune from liability for injuries suffered by the plaintiff who drove his ATV up the sloping side of a dune at the PDSVRA and fell 20 to 30 feet down the other side. (*Id.* at p. 164.) As in *Mercer,* here we find that there is no triable issue of fact as to

whether the PDSVRA was an improved or unimproved public property at the time of the accident. (*Id.* at p. 164.)

The Bartletts cite no authority for their proposition that by charging admission fees or by limiting access to the PDSVRA, the State loses the natural conditions immunity. Nothing in the language of the statute, its history, nor in the case law suggests that this immunity is conditioned on open and free access to the public property in question or is lost where the property produces revenue for the State.

A rule that the State loses the natural conditions immunity by charging users or admission fees would conflict with the intent of the Legislature. The Legislature recognized that there are "limited funds available for the acquisition and improvement of property for recreational purposes," and that the "burden and expense of putting such property in a safe condition and the expense of defending claims for injuries would probably cause many public entities to close such areas to public use." (See legis. committee com. to Gov. Code, § 831.2, West's Ann. Gov. Code (1980) p. 293; Deering's Ann.Gov.Code (1982 ed.) p. 251.)

By requiring that those using unimproved public property assume the risk of injury caused by natural conditions there, the Legislature assured that such areas remain open to the public. (See legis. committee com. to Gov. Code, § 831.2, West's Ann. Gov. Code (1980) p. 293; Deering's Ann. Gov. Code (1982) p. 251; see *Osgood* v. *County of Shasta* (1975) 50 Cal.App.3d 586 [123 Cal.Rptr. 442] [natural conditions immunity applied even though the State leased concessions and maintained facilities along shore of lake].) The rule proposed by the Bartletts would require the State to choose between immunity or raising revenues by charging users fees. The practical consequence of this Hobson's choice would be the closing to the public of unimproved areas.

Nor does the existence of signs and minimal improvements such as toilets at the PDSVRA mean that the area is improved public property or that the dunes are not natural conditions. The Bartletts cite the Restatement Second of Torts section 363, comment *b*, for the definition of a "natural condition of land" as land which "has not been changed by any act of a human being."

This restatement definition has not been adopted by California for the purpose of the natural conditions immunity statute. It was rejected by the Court of Appeal in *Fuller* v. *State of California* (1975) 51 Cal.App.3d 926, 938 [125 Cal.Rptr. 586]. "It is not possible that in creating section 831.2 the Legislature intended such a narrow construction of the term" natural con-

dition. (*Ibid*.) The court in *McCauley* v. *City of San Diego* (1987) 190 Cal.App.3d 981, 988-989 [235 Cal.Rptr. 732], held that the placing of warning signs in a natural area is not an improvement precluding immunity. In *Osgood* v. *County of Shasta, supra,* 50 Cal.App.3d 586, the immunity was held applicable to an injury at a man-made lake. The statute itself contemplates that the State will provide roads and trails into primitive areas without this human activity destroying the natural condition immunity. (See legis. committee com. to Gov. Code, § 831.2, West's Ann. Gov. Code (1980) p. 293, Deering's Ann. Gov. Code (1982 ed.) p. 251, and Gov. Code, § 831.4.)

The Bartletts further argue that the dunes are no longer in a natural condition because the recreational vehicles which use the area "cause[ ] changes in the condition and contour" of the dunes. The Bartletts rely on *Gonzales* v. *City of San Diego* (1982) 130 Cal.App.3d 882 [182 Cal.Rptr. 73], for the theory that their injury was caused by a "hybrid" condition of natural and artificial origin and thus the immunity does not apply.

In *Gonzales,* a swimmer at a city-owned beach drowned because of unsafe surf conditions. The city voluntarily assumed protective lifeguard services but failed to warn swimmers of the danger. The appellate court held that where the public entity creates a dangerous condition by combining a known natural defect within the property (the dangerous surf) with "the negligent performance of its directly related, voluntarily assumed protective service," the natural condition immunity statute will not protect the public entity from liability. (*Gonzales* v. *City of San Diego, supra,* 130 Cal.App.3d at p. 887; see also *Buchanan* v. *City of Newport Beach* (1975) 50 Cal.App.3d 221, 227-228 [123 Cal.Rptr. 338], where the Court of Appeal found a triable issue of fact exists where an injured surfer produced evidence that the wave which injured him was the result of the "joint action" of natural ocean conditions and the steep sloping beach created by the city's dredging operation.)

*Gonzalez* "only stands for the proposition that section 831.2 will not cloak a public entity with immunity *when its own conduct is partially responsible for inducing a person to be victimized by a dangerous condition of the nature of a hidden trap.*" (*McCauley* v. *City of San Diego, supra,* 190 Cal.App.3d 981, 989, fn. omitted.)

Although the Bartletts urge that a "hybrid" condition such as that in *Gonzales* and *Buchanan* caused the injury here, they fail to justify this contention with evidence or a factual analysis. There is no evidence that the State undertook a voluntary protective duty to warn of dangerous condi-

tions on the dunes or that the State in any other manner induced reliance by Bartlett.

Nor do the Bartletts assert that the recreational vehicles alone or in combination with natural forces created the dangerous condition. The chief ranger declared that the dunes are constantly shifting and moving and that their size and shapes change as a result of wind and other environmental factors. We take judicial notice that sand dunes, in their natural state, commonly have steep slopes. Even if it were shown that vehicles may change the contours and shapes of the dunes, that does not create a "hybrid" dangerous condition eliminating State immunity. No evidence was presented to show that the vehicles combined with the wind or other natural factors to form the steep slope which caused the accident. In order to erect a triable issue of fact whether the injury was caused by other than a natural condition, the Bartletts must produce evidence that there was some form of unnatural physical change "in the condition of the property *at the location of the injury*." (*Eben* v. *State of California* (1982) 130 Cal.App.3d 416, 423 [181 Cal.Rptr. 714]; Van Alstyne, Cal. Government Tort Liability Practice (Cont.Ed.Bar 1980) § 3.42, p. 256.) They fail to do that.

The Bartletts also contend that the trial court erred in admitting the portion of Chief Ranger Patton's declaration where he states that PDSVRA is a "natural area." The Bartletts argue that the statement is conclusory, invades the province of the jury, is a statement of ultimate fact, and includes hearsay and legal conclusions for which no proper foundation had been laid.

Evidence Code section 800 limits the admissibility of opinion testimony by lay witnesses. Patton's description of the dunes might nonetheless be admissible. The rule "merely requires that witnesses express themselves at the lowest possible level of abstraction. [Citation.] Whenever feasible 'concluding' should be left to the jury; however, when the details observed, even though recalled, are 'too complex or too subtle' for concrete description by the witness, he may state his general impression. [Citation.]" (*People* v. *Hurlic* (1971) 14 Cal.App.3d 122, 127 [92 Cal.Rptr. 55].)

Granting arguendo, however, that the statement is conclusory and should have been stricken, the error is without prejudice. "Ordinarily, affidavits or declarations which set forth only conclusions, opinions or ultimate facts are insufficient" to support a motion for summary judgment. (*Fuller* v. *Goodyear Tire & Rubber Co.* (1970) 7 Cal.App.3d 690, 693 [86 Cal.Rptr. 705].) Here, Patton's declaration did much more than state his conclusion that the area where the accident occurred is "natural." As detailed, *ante*, the declaration presented sufficient factual evidence to

support the trial court's summary judgment in favor of the State. Striking the phrase "natural area" from the declaration would not have affected the sufficiency of the evidence.

■ We treat the Bartletts' failure to discuss or cite authority for their contention that the statement is inadmissible hearsay, as abandoning the issue. (*Conner* v. *Dart Transportation Service* (1976) 65 Cal.App.3d 320, 323 [135 Cal.Rptr. 259].)

The judgment is affirmed. Appellants are to bear all costs on appeal.

Stone (S. J.), P. J., and Abbe, J., concurred.