[Civ. No. 37543. First Dist., Div. Three. Oct. 8, 1976.]

\*CLEVESTER CLAYTON, a Minor, etc., et al.,
Plaintiffs and Appellants, v.
CITY OF SUNNYVALE, Defendant and Respondent.

*This case was previously entitled "Clayton v. Rossman."

**COUNSEL**

Beilock, Sax & Wilson and Ellen J. Beilock for Plaintiffs and Appellants.

Royce & Jolly and F. John Royce for Defendants and Respondents.

**OPINION**

**SCOTT, J.**—Clevester Clayton, a minor, and Rosie Clayton, his mother, appeal from a judgment entered in favor of the City of Sunnyvale upon the granting of a motion for summary judgment.

The pleadings and other documents upon which the motion for summary judgment was based reveal that on June 3, 1973, appellant

Clevester, age 17, was the guest of a tenant of an apartment building located at 973 Helen Street in Sunnyvale, California. While on the premises, Clevester fell down a flight of stairs, sustaining bodily injuries resulting in permanent disability. Clevester's mother, Rosie Clayton, was not present at the scene of the accident. She learned of its occurrence from a third person and saw her son in the hospital approximately an hour later.

The apartment building where the accident occurred was privately owned, built, and managed by Walter Rossman and Don Hauger. The building permit for the apartment house had been issued by the City of Sunnyvale to Don Hauger on April 14, 1960, following a review of the plans and specifications by a building inspector. During the course of construction, the building was inspected on numerous occasions by a department of public works building inspector. Thereafter, the premises were inspected at least once a year by the department of public safety.

Appellants alleged that respondent city and city employees were negligent in reviewing, inspecting or failing to inspect the apartment building premises and designs, plans and specifications therefor, and that this negligence caused the subject stairway to be designed and constructed with patent defects which created a dangerous condition and thereby proximately caused Clevester Clayton's injuries.

■ The question presented here is whether a public entity is immune from liability for the negligence of its employees in inspecting or failing to inspect a building and designs therefor, which negligence caused the building to be designed and constructed with patent defects creating a dangerous condition proximately causing personal injuries. We conclude that the city is immune from liability.

Appellants contend that respondent city was under a mandatory duty to review and inspect the subject premises both before and after construction, and that breach of that duty rendered it subject to liability. Appellants cite Government Code section 815.6,[1] which provides: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

[1]All statutory references are to the Government Code, unless otherwise indicated.

Respondent relies on the governmental immunity provisions contained in section 818.6,[2] which provides: "A public entity is not liable for injury caused by its failure to make an inspection, or by reason of making an inadequate or negligent inspection, of any property, other than its property (as defined in subdivision (c) of Section 830), for the purpose of determining whether the property complies with or violates any enactment or contains or constitutes a hazard to health or safety."

Appellants rely principally upon *Elson v. Public Utilities Commission* (1975) 51 Cal.App.3d 577 [124 Cal.Rptr. 305]. In *Elson,* the court held that the immunity provisions of sections 818.2 and 818.4 relate only to discretionary activities of a public entity and do not provide immunity for the entity's failure to perform a mandatory duty. Appellants ask that we extend the rule of *Elson* to section 818.6. We decline to do so.

In the *Elson* case, appellant Elson had recovered a judgment for personal injuries sustained when struck by a passenger bus. The bus company was operating without liability insurance, and had no assets with which to satisfy the judgment. Elson subsequently brought an action against the Public Utilities Commission, charging that it negligently failed to revoke the bus company's operating authority when it knew that the bus company was conducting its business without liability insurance and that the commission had a mandatory obligation to revoke the company's operating authority.

The *Elson* court declared that the immunity afforded by section 818.4[3] applied only to discretionary acts, and that since the commission had been under a mandatory duty to revoke the operating authority of the bus company, it was subject to liability under section 815.6. Section 818.2, which provides that a public entity is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law, was similarly held to apply only to discretionary activities.

[2]Section 821.4 grants the same immunity to public employees.

[3]Section 818.4 provides: "A public entity is not liable for an injury caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization where the public entity or an employee of the public entity is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked."

Section 818.6, which provides that public entities are not liable for failure to inspect property (other than public property) for health and safety purposes, or for negligent or inadequate inspections, is not subject to the mandatory-discretionary dichotomy set forth in *Elson.* The grant of immunity provided by the statute is absolute on its face; there is nothing in the language of the section to indicate that it was intended to apply only to discretionary activities. The section presupposes a duty on the part of public entities to inspect private property for health and safety purposes. Indeed, it has been suggested that because of the extensive nature of the inspection duties of public entities, a public entity would be exposed to the risk of liability for virtually all property defects within its jurisdiction if this immunity were not granted. (Van Alstyne, Cal. Government Tort Liability (Cont. Ed. Bar 1964) p. 512.)

Furthermore, appellants' contention that the specific immunity afforded by section 818.6 should be deemed overridden by the mandatory duty provisions of section 815.6, is not consonant with the general statutory scheme. Government Code section 815, subdivision (b) provides that the "liability of a public entity established by this part . . . is subject to any immunity of the public entity provided by statute." On the basis of this general rule, it would appear that the entity's immunity for health and safety inspections prevails over its liability under section 815.6 for failure to discharge a mandatory duty. (Van Alstyne, *supra,* at p. 168; cf. *O'Hagan* v. *Board of Zoning Adjustment* (1974) 38 Cal.App.3d 722, 726 [113 Cal.Rptr. 501].) *Elson* v. *Public Utilities Commission, supra,* 51 Cal.App.3d at pages 585-589, suggests otherwise. However, while that decision is purportedly based upon an analysis of legislative history, it seems to be contrary to the legislative intent. Section 815.6 makes a public entity liable for its failure to discharge a mandatory duty. Sections 820.2 and 815.2, subdivision (b) grant immunity for injuries resulting from discretionary acts or omissions of public employees. Had the Legislature not intended that the immunities granted by sections 818.2, 818.4 and 818.6 were to cover both discretionary and mandatory acts, these sections would be rendered superfluous. Moreover, the Law Revision Commission comment to section 815.6 states that this section "declares the familiar rule . . . that failure to comply with applicable statutory or regulatory standards is negligence," and states further that "In the sections that follow . . . there are stated some immunities from this general rule of liability." No distinction between mandatory and discretionary acts of public entities is mentioned. Thereafter, the Law Revision Commission comment to section 818.2 and Legislative Com-

mittee comment to sections 818.4 and 818.6 specifically state that these sections would not be necessary but for section 815.6. The Legislative Committee comment to section 818.6 goes on to say: "The immunity provided by this section covers negligent failure to make an inspection and negligence in the inspection itself. For example, the section makes the public entity immune from liability if its employee negligently fails to detect a defect in a building being inspected; but the section does not provide immunity where a public employee inspecting a building under construction negligently causes a plank to fall on a workman." (See *Sava v. Fuller* (1967) 249 Cal.App.2d 281, 292-293 [57 Cal.Rptr. 312].)

We can conceive of no clearer statement in the statutes and the comments thereto establishing an absolute grant of immunity. It is therefore concluded that section 818.6 was intended to grant absolute immunity from liability for the negligent inspection of private property to determine whether such property constitutes a hazard to health or safety.

Appellants further argue that the "gross negligence" allegations of the complaint should not be held subject to the governmental immunities provided by statute. No authority is cited for this proposition, and it appears to be ill founded. To accept appellants' contention would mean that statutory governmental immunity could be defeated in any case by simply alleging "gross negligence" rather than negligence. It does not appear that the Legislature would have intended such a result.

The causes of action of both the minor and his mother are for *injuries* as defined by section 810.8, and as such are within the purview of the immunity provided by sections 818.6 and 821.4.

Judgment is affirmed.

Draper, P. J., and Brown (H. C.), J., concurred.

A petition for a rehearing was denied November 5, 1976, and appellants' petition for a hearing by the Supreme Court was denied December 2, 1976.