[Civ. No. 44482. First Dist., Div. Four. Jan. 16, 1979.]

EMANUEL P. RAZETO et al., Plaintiffs and Appellants, v.
CITY OF OAKLAND et al., Defendants and Respondents.

**COUNSEL**

Patrick Sullivan for Plaintiffs and Appellants.

David A. Self, City Attorney, Michael W. Stamp, Deputy City Attorney, Boornazian, King & Schulze, Boornazian, King, Jensen & Garthe and Robert G. Crow for Defendants and Respondents.

**OPINION**

**CHRISTIAN, J.**—Emanuel P. Razeto and Minnie P. Razeto have appealed from a summary judgment dismissing their complaint against respondents City of Oakland and East Bay Municipal Utility District (EBMUD).

The complaint sought recovery for property damage resulting from the alleged negligent installation and maintenance of a fire hydrant. Specifically, vandals allegedly turned on a fire hydrant located across the street from appellants' house. The hydrant, having its spout pointed toward the street, directed a stream of water at appellants' house, causing damage to the house and its contents.

Appellants contend that it was error for the court to grant respondents' motion for summary judgment. ■ Such a motion should be granted only if there is no triable issue as to any material fact. (Code Civ. Proc., § 437c.) In making this determination, the affidavits of the party moving for a summary judgment are to be strictly construed and those of the opposing party are to be liberally construed. (*DeSuza* v. *Andersack* (1976) 63 Cal.App.3d 694, 698 [133 Cal.Rptr. 920].)

Appellants' complaint stated one cause of action for negligent installation and maintenance of the fire hydrant. Respondents moved for summary judgment on three grounds: (1) that the Tort Claims Act (Gov. Code, § 810 et seq.) immunized them from any liability resulting from injuries caused by firefighting equipment, (2) that the statute immunized them from any liability resulting from defectively designed firefighting equipment and (3) that there was no cause of action for a dangerous condition of property.

■ Respondents' initial argument was that Government Code section 850.4 immunized them from the alleged negligent acts. Section 850.4 provides: "Neither a public entity, nor a public employee acting in the scope of his employment, is liable for any injury resulting from the condition of fire protection or firefighting equipment or facilities or . . . for any injury caused in fighting fires."

■ Although unambiguous statutes are ordinarily construed according to the general and accepted definitions of the words used, one exception to this rule is that "[e]ven literal language of a statute may be disregarded to avoid absurdities or to uphold a clear contrary intent of the Legislature [citations]." (*Disabled & Blind Action Committee of Cal.* v. *Jenkins* (1974) 44 Cal.App.3d 74, 81 [118 Cal.Rptr. 536].) It is therefore appropriate to review the legislative context in which section 850.4 of the Government Code was enacted.

In general, prior to 1961, cities, counties and school districts could be held liable for dangerous and defective property conditions. (Gov. Code, § 53051, repealed Stats. 1963, ch. 1681, § 18.) This included liability for

dangerous and defective fire department property. (Van Alstyne, A Study Relating to Sovereign Immunity (1963) 5 Cal. Law Revision Com. Rep., pp. 460-461.) After *Muskopf* v. *Corning Hospital Dist.* (1961) 55 Cal.2d 211, 221 [11 Cal.Rptr. 89, 359 P.2d 457], generally eliminated sovereign immunity, a study was commissioned to develop legislation insuring the preservation of necessary sovereign immunity. Regarding dangerous and defective conditions of public property, it was recommended that liability be expanded to all public entities and all public property. (Recommendations Relating to Sovereign Immunity, No. 1, Tort Liability of Public Entities and Public Employees (Jan. 1963) 4 Cal. Law Revision Com. Rep. (1963) pp. 821-822.) With regard to the immunity which had existed for *firefighting* activities (cf. *Stang* v. *City of Mill Valley* (1952) 38 Cal.2d 486 [240 P.2d 980]), it was decided that a statutory enactment was necessary to insure that such immunity be preserved. (4 Cal. Law Revision Com. Rep., *supra,* at pp. 827-828.) This immunity had never been extended to include defective or dangerous fire equipment when the injury did not occur during the fighting of a fire.

Therefore, it would be inconsistent with the recommendations and policy reasons set forth in the recommendations (4 Cal. Law Revision Com. Rep., *supra,* at pp. 827-828) to find that section 850.4 was designed to provide immunity for dangerous and defective fire protection equipment which causes injury or property damage while not in use fighting fires.

This view is in accord with that expressed by the consultant who prepared for the commission the Study Relating to Sovereign Immunity, *supra.* He wrote: "It is perhaps questionable whether a public entity should be permitted to assert this immunity as a defense unless the injury complained of results from a fire, for the section's purpose appears to have been directed principally (and possibly exclusively) to that situation." (Van Alstyne, Cal. Government Tort Liability (Cont.Ed.Bar 1964) p. 310.)

However, concurrent with the commission recommendations, the commission transmitted a draft of proposed Government Code section 850.4. The Senate Committee on Judiciary and the Assembly Committee on Ways and Means both submitted reports to their respective houses, stating that the comments of the commission accompanying the various proposed sections reflected the intent of the committees in recommending approval of the legislation. (2 Sen. J. (1963 First Ex. Sess.) pp. 1884-1895; 3 Assem. J. (1963 First Ex. Sess.) pp. 5439-5441.) The comment to 850.4 states in clear terms that immunity is to be provided for dangerous and

defective fire protection equipment. (4 Cal. Law Revision Com. Rep., *supra,* at p. 861.)

■ Hence, although there is an inferable contrary intent, the statute is clear and unambiguous. It explicitly provides sovereign immunity for any injury resulting from the "condition of fire protection or firefighting equipment." In the face of that clear statutory language we are not at liberty to use a remotely inferable contrary legislative intention to show that a different meaning should be given to the statute.

Therefore, since section 850.4 of the Government Code immunized respondents from the cause of action alleged in appellants' complaint, it was proper to grant the motion for summary judgment.

The judgment is affirmed.

Rattigan, Acting P. J., and Drummond, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.