Filed 1/25/16  Fahey v. County of Orange CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MATHEW M. FAHEY,<br><br>    Plaintiff and Appellant,<br><br>      v.<br><br>COUNTY OF ORANGE et al.,<br><br>    Defendants and Respondents. | G051096<br><br>(Super. Ct. No. 30-2013-00628768)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Corey S. Cramin, Judge.  Affirmed.

Mathew M. Fahey, in pro. per., for Plaintiff and Appellant.

Sullivan, Ballog & Williams, Brian L. Williams, Michael S. Vasin and Michelle N. Vo for Defendants and Respondents.

\*        \*        \*

This is an appeal from a judgment following the trial court's order sustaining the County of Orange's (the County) demurrer as to Mathew Fahey's second amended complaint without further leave to amend. The case arises out of Fahey's time at the County's Theo Lacy Facility (Theo Lacy). The complaint alleged that conditions at the jail and inadequate medical treatment led to various injuries. The County's demurrer argued the complaint failed to state facts sufficient to maintain a cause of action under principles of governmental immunity. We agree and affirm the judgment.

I

FACTS

To the extent Fahey includes facts in his briefs that are not pertinent to the issues at hand, we disregard them.

Fahey was incarcerated at Theo Lacy from April 3, 2009, to October 10, 2012. Prior to the operative complaint, Fahey filed two earlier complaints alleging negligence by the County. On March 26, 2014, he filed his second amended complaint (the complaint), also alleging negligence. He claimed he was subjected to shackling and unsanitary conditions and neglectful treatment by Theo Lacy's staff. Among these were claims the staff did not supply, collect, or forward medical slips; did not provide a central location to deposit medical slips; ignored medical slips, including ones marked "urgent"; did not provide any outdoor recreation that included exposure to sunlight for the length of his incarceration; indiscriminately shackled inmates; failed to provide adequate medical treatment; failed to provide cleaning supplies; forced inmates to clean unsanitary areas without gloves; failed to inspect cells for unhealthy conditions; and in some cases, threw away medical slips altogether. As a result of such negligence, the complaint alleged, Fahey incurred "life-long injuries" including partial deafness, back and shoulder pain, depression, and humiliation.

Fahey's medical and prison records indicate multiple medical visits, a history of surfing in cold water that may have led to his hearing issues, a history of bipolar disorder, prior rotator cuff surgery, and disc protrusion in his back.

The County filed a demurrer on the ground the complaint failed to state a cause of action. The court sustained the demurrer without further leave to amend. Fahey now appeals.

II

DISCUSSION

In addition to whether the demurrer was properly sustained, Fahey raises various other arguments, including the court's failure to issue a statement of decision and a purported denial of access to court. But the only issue on appeal from a judgment following the court's decision to sustain a demurrer is whether that ruling was proper. Accordingly, we simply ignore any other issues.[1]

"In our de novo review of an order sustaining a demurrer, we assume the truth of all facts properly pleaded in the complaint or reasonably inferred from the pleading, but not mere contentions, deductions, or conclusions of law. [Citation.] We then determine if those facts are sufficient, as a matter of law, to state a cause of action under any legal theory. [Citation.]" (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052.) "In order to prevail on appeal from an order sustaining a demurrer, the appellant must affirmatively demonstrate error. Specifically, the appellant must show that the facts pleaded are sufficient to establish every element of a cause of

---

[1] Were we to address these issues on the merits, they would be rejected. There is no indication in the record that Fahey was denied meaningful access to the court or its processes. Indeed, his multiple lengthy filings indicate he fully availed himself of every opportunity to be heard. Any problems he had attempting to conduct the case from prison do not rise to the level of reversible error. Further, a statement of decision is not required upon sustaining a demurrer. Code of Civil Procedure section 632, which Fahey relies upon, applies only to trials.

action and overcome all legal grounds on which the trial court sustained the demurrer. [Citation.]  We will affirm the ruling if there is any ground on which the demurrer could have been properly sustained."  (*Ibid.*)

*Applicable Legal Principles*

In California, "all government tort liability must be based on statute." (*Cochran v. Herzog Engraving Co.* (1984) 155 Cal.App.3d 405, 409.)  In 1963, California "abolished all common law or judicially declared forms of liability for public entities, except for such liability as may be required by the federal or state Constitution. Thus, in the absence of some constitutional requirement, public entities may be liable *only* if a statute declares them to be liable."  (*Ibid.,* fn. omitted.)

The California Tort Claims Act is codified in Government Code section 810, et seq.[2]  Section 815 sets forth a basic rule of immunity for public entities in California.  In pertinent part, it states:  "Except as otherwise provided by statute:  [¶] (a) public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."[3]  To the extent that Fahey attempts to assert common law principles or claims they apply here,[4] we reject that argument.  The only liability possible is that created by statute.

---

[2] Subsequent statutory references are to the Government Code unless otherwise indicated.

[3] While public employees are liable for tortuous acts unless a statute specifically states otherwise (§ 820, subd. (a)), Fahey is only suing the County, not any individual employees.

[4] Fahey's complaint states his claim is for "general negligence."

4

*Liability Under Section 815.2*

Section 815.2, subdivision (a), states: "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." This does not apply, however, "where the employee is immune from liability." (§ 815.2, subd. (b).)

While "a public entity may be vicariously liable for the acts and omissions of its employees [under section 815.2], that rule does *not* apply in the case of injuries to prisoners." (*Lawson v. Superior Court* (2010) 180 Cal.App.4th 1372, 1383 (*Lawson*).) Under section 844.6, "a public entity is not liable for: [¶] . . . [¶] (2) An injury to any prisoner," unless a relevant exception applies. (§ 844.6, subd. (a)(2).)

As pertinent here, section 845.6 governs liability for medical care to prisoners. That section "focuses more specifically on the extent of immunity applicable to a prisoner's claim for failure to provide medical care. It limits the liability of public employees for failing to provide medical care, and also creates one exception to the State's blanket immunity for injuries to prisoners." (*Lawson, supra,* 180 Cal.App.4th at p. 1383.) Section 845.6 provides, in relevant part: "Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but, except as otherwise provided by Sections 855.8 and 856, a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care."

Sections 855.8 and 856 relate to treatment for mental illness and addiction. Section 855.8, subdivision (a), specifically immunizes the County from liability "for injury resulting from diagnosing or failing to diagnose that a person is afflicted with

5

mental illness or addiction or from failing to prescribe for mental illness or addiction."[5]

"Thus, under . . . section 845.6, both a public entity and its employees are immune from claims based on injuries to prisoners caused by a failure to provide medical care, except when an employee, acting within the scope of his employment, fails to provide medical care to a prisoner and has reason to know that need for medical care is immediate." (*Lawson, supra,* 180 Cal.App.4th at p. 1384, fn. omitted.)

Fahey has not plead an adequate claim under section 815.2 and the related statutes. His nonmedical claims fail because the County is not liable for "[a]n injury to any prisoner," under section 844.6, subdivision (a)(2). His claims regarding the medical slips do not fall under the exception created by section 845.6 because he does not plead he required "'immediate medical care.'" (*Lawson, supra,* 180 Cal.App.4th at pp. 1384-1385.) The discomfort caused by the conditions he claims he suffered does not qualify. Further, any failure to treat any mental illness does not create a cause of action pursuant to the immunity provided under section 855.8.

*Liability Under Section 815.6*

Although somewhat unclear, to some extent, Fahey also appears to argue the County is liable under section 815.6. Section 815.6 states: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

To assert liability under section 815.6, Fahey was required to plead a mandatory, rather than discretionary, duty; the enactment was intended to protect against the kind of injury allegedly suffered; and breach of the duty as a proximate cause of the

---

[5] Section 856 addresses confinement, parole and the conditions thereof, and is inapplicable here.

injury.  (*Becerra v. County of Santa Cruz* (1998) 68 Cal.App.4th 1450, 1458.)  To the extent Fahey intends this section to apply to his general grievances about jail conditions, including shackling, exercise, and cleanliness, he has failed to do so.  He has not identified any specific mandatory duty allegedly breached by the jail's purported failures.  Accordingly, he has failed to state a cause of action.  To the extent he intended this argument to extend to his medical complaints, the specific immunity provisions of section 844.6 nonetheless apply.

Because Fahey has failed to state a cause of action for negligence that can overcome governmental immunity, we affim the court's decision sustaining the County's demurrer.

III

DISPOSITION

The judgment is affirmed.  No costs are awarded in the interest of justice.


MOORE, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


THOMPSON, J.

7